■ In the Matter of HARRY GREENBERG, as Financial Secretary of Children's & House Dress Makers' Union, Local 91, I. L. G. W. U., Appellant, against SOLOMON PITSON, Respondent.— The mere fact that respondent is no longer an employer does not determine the question as to whether he is presently entitled to the return of the $500 deposit. That will depend on how the agreement is interpreted. In view of the broad arbitration clause, that question, together with any incidental questions arising after the making of the contract, must be decided by the arbitrators. (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion for stay of the Municipal Court action granted. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ C. GERARD DODGE, Respondent, v. FREDERICK W. RICHMOND, Appellant. — Order denying motion by defendant to amend his answer to include an affirmative defense of illegality is reversed in the exercise of discretion, and the motion is granted, without costs, on condition (1) that defendant serves his amended answer within five days after the entry of an order herein; (2) that service of the amended answer shall be without prejudice to all prior proceedings in the action and shall not delay the trial of the action when reached on the calendar; and (3) that defendant withdraws his motion to strike the cause from the trial calendar. Any examination as to the new defense should be conducted in connection with the examination of plaintiff before trial now being held. If defendant does not comply with the conditions above set forth, the order denying the motion to amend is affirmed, with costs to respondent. Defendant shall signify his willingness to conform to the conditions upon settlement of the order hereon. Since parties should be permitted to amend their pleadings at any stage of an action if no prejudice will result to the other side, amendment herein should have been allowed upon conditions which would remove the probability of prejudice to plaintiff. The conditions imposed will, we believe, eliminate any reasonable claim of prejudice. Settle order. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.